Abu Dhabi Investment Authority v. Citigroup, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of February, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         GERARD E. LYNCH,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Abu Dhabi Investment Authority,
         Plaintiff-Counter-Defendant
         - Appellant,

         -v.-                                    13-1068-cv

Citigroup, Inc.,
         Defendant-Counter-Claimant -
         Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          DAVID L. ELSBERG, (Peter E.
                        Calamari, Sanford I. Weisburst,
                        on the brief), Quinn Emanuel
                        Urquhart & Sullivan, LLP, New
                        York, New York.

1

**FOR APPELLEES:**     LESLIE GORDON FAGEN, (Jay Cohen, Brad S. Karp, Daniel J. Toal, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Abu Dhabi Investment Authority ("ADIA") appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, J.) confirming an arbitration award in favor of Citigroup, Inc. On appeal, ADIA argues that the district court should have granted ADIA's motion to vacate the award because the arbitration panel ("panel") did not utilize New York's interest analysis in deciding to apply the law of New York--rather than the law of Abu Dhabi--to ADIA's common law fraud and negligent misrepresentation claims. This choice-of-law decision, argues ADIA, was in manifest disregard of the law and exceeded the panel's powers, in violation of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(3)-(4). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

An arbitration award may be vacated if it results from the arbitrators' "manifest disregard of the law" or if the "arbitrators exceeded their powers." Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 138, 139 n.3 (2d Cir. 2007). The district court's application of the manifest disregard standard, as well as the court's determination that the arbitration panel did not exceed its authority, are reviewed de novo. T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010).

A party seeking to vacate an award under the FAA must surmount a "high hurdle." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010). Awards are vacated for manifest disregard only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrator[] is apparent." T.Co, 592 F.3d at 339 (alteration in original) (quoting Duferco Int'l Steel

2

*Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)). "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam) (quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

Here, the investment agreement ("Agreement") did not specify what law should govern tort claims. However, the Agreement directed that any dispute the parties could not resolve was to be decided by application of the arbitration rules of the International Centre for Dispute Resolution ("ICDR"), *see* Agreement ¶ 5.6(a), and those rules state that in the absence of a choice of law designation, "the tribunal shall apply such law(s) or rules of law as it determines to be appropriate." ICDR Rules, Art. 28(1). Consistent with this provision, the panel decided the choice-of-law question by consulting cases applying New York's interest analysis as well as international arbitration treatises. On the basis of that research, the panel concluded that New York law governed ADIA's claims. The panel thus looked to two relevant bodies of law, and applied those legal standards to the facts, to decide the question. *See* *Stolt-Nielsen*, 559 U.S. at 673-74 (holding that a panel may not "proceed[] as if it had the authority of a common-law court" to ignore relevant law and impose its own rule). ADIA contends that the panel erred in its analysis of New York's conflict of law rules; but it would not matter if it did. *See* *E. Assoc. Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62 (2000) ("[T]he fact that a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)).

For the foregoing reasons, and finding no merit in ADIA's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK